## JEHU EVANS' LESSEE v. ADAM SHORT, NATHANIEL WALLER et al.

Court of Common Pleas. Sussex. May 1, 1797.

*Wilson's Red Book, 158.**

*Peery, Miller, Bayard* for plaintiff. *Wilson, Ridgely, Hall* for defendants.

Waller's death suggested and admitted at the trial after jury sworn.

Copy of patent from Maryland, certified the 9th February, 1796, by John Callahan, Register of the Western Shore Land Office, concluding "witness ourself, etc."

---

* This case is also reported in *Bayard's Notebook, 193.*

*Ridgely* objected it was not signed nor sealed by the Chancellor nor Proprietary, and that, if it was an original patent, it would be insufficient.

The Court overruled the objection and said a *locus sigilli* was not necessary.

Plaintiff offered an alienation bond, Lewis Jones to Abram Lynn, dated 1732, with an assignment 1750 to Charles Peery. The assignment was proved, and deed from Solomon Jones to Peery. Death of obligee proved thirty years back but no account of possession. Plaintiff swore he received it with the title papers.

*Wilson.* There is no evidence that the bond is older than what the assignment shows. The writing appears to be Lynn's, the obligor and both witnesses were marksmen [1] and easily personated. There is no possession proved to have accompanied the paper. The appearance of an old survey will not establish it, Str. 95, Morg.Ess. 164. It is evidently suspicious.

*Ridgely.* The antiquity of the paper can have no operation, for it might have been forged; the signature of the assignor can give no efficacy to his own paper, which might be false.

*Bayard.* A deed thirty years old need not be proved, Bull.N. P. 255, Morg.Ess. 161. The assignment proves it to be forty years old. The case of a survey is different, for that is the act of one party. We have given an account of the deed by the oath of the plaintiff, which is admissible in such case, upon sound principles of the common law, that no other person can have access to his papers, without endangering the peace of society. Ancient certificates admitted, 2 Term 471.

*Peery.* If there can be any account of the paper, or if possession has gone along with it, either of them will do, Loft.Gilb.Evid. 73.

Johns, J. An old bond was directed to be proved, 1 Bl.R. 532. The doubt with me is if there is any proof of the authenticity of the deed.

Bassett, C. J. There must be something proved equivalent to the circumstance of possession.

Plaintiff called a witness and proved that the assignee had had the lands surveyed when he first got them and the boundaries proved.

---

1 "Marksmen" here means illiterates, that is, men using a "mark" for a signature.

Defendants offered to contest the fact of possession by opposite proofs, which was refused. The Court will not determine facts; yet it is necessary to support an exhibit by him who makes it.

PER CURIAM. BASSETT, C. J. It has been proved that the lands were surveyed by Peery. It was woodland. The paper may be read, and it is upon a presumption that Solomon was the heir of Lewis Jones, and that the possession, so far as proved, will allow them as evidence upon account of their antiquity, but the Court will say more about it when they hear the whole of the evidence.

BASSETT, C. J. (Charge.) In this action of ejectment, you have heard the plaintiff's title and the objections to that title, *viz,* that plaintiff has not shown a good and subsisting title in himself, nor has he shown himself in possession within twenty years. As to the first, the patent is allowed on all hands to show a title out of the Proprietary; but as to second paper, the bond, it is necessary that possession should accompany such paper, or other satisfactory account ought to be given of it. In this case it depends on the credit of Doctor Jackson's evidence, who has heard from three persons that Solomon was the son of Lewis Jones, contrasted with that of Armwell Jones, who says that Solomon Jones' father's name was Edmund, and Solomon was that witness' father. As to the second point, that plaintiff must show he was possessed within twenty years before suit brought, it has been proved that a survey was made many years ago by Charles Peery, which I am of opinion is a sufficient possession, and unless an adverse possession is proved it is sufficient for the plaintiff to recover. It has been proved: that Charles Peery died, leaving issue, Margaret, Winifred, and Catherine; Margaret had several children, that she is dead, and her children have been gone ten or twelve years and not heard of; that Catherine died leaving one child. If the father survived her, he would be entitled to her share, but if not, Winifred, the daughter of Winifred, and wife of Harris, would be entitled to the whole of the land; but if the father survived, he would be entitled to a part of Margaret's as well as Catherine's share.

Verdict for plaintiff.